# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| A.W.G. DEWAR, INC., and INTACT INSURANCE GROUP USA LLC<br><br>*Plaintiff*,<br><br>v.<br><br>MOLLY MASTRIANNI,<br><br>*Defendant*. | Case No. 1:26 |

**PLAINTIFF'S EXPEDITED REQUESTS FOR PRODUCTION**
**OF DOCUMENTS TO DEFENDANT MOLLY MASTRIANNI**

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Court's Order granting expedited discovery, Plaintiffs A.W.G. Dewar, Inc. and Intact Insurance Group USA LLC (collectively, "Dewar") hereby request that Defendant Molly Mastrianni ("Defendant") produce the Documents described below within the time set by the Court's Order on expedited discovery, at the offices of Jackson Lewis P.C., 75 Park Plaza, 4th Floor, Boston, MA 02116, or by other means agreed upon by the parties.

**DEFINITIONS**

"Communication" means any oral, written, or electronic exchange of information, including but not limited to letters, emails, text messages, instant messages, social media messages, voicemails, notes, memoranda, and any other form of correspondence or transmission of information.

"Confidential Information" means Dewar's trade secret, confidential, and proprietary information, including but not limited to customer identities, prospective customer identities, contact names, titles, email addresses, mailing addresses, renewal schedules, pricing information, business strategies, marketing campaigns, and related information Dewar maintains in Constant Contact and elsewhere.

"Constant Contact" means the Constant Contact email marketing platform and database Dewar uses to maintain customer and prospective customer contact information and marketing materials, and all data contained therein.

"Dewar" means Plaintiff A.W.G. Dewar, Inc. and its affiliate Intact Insurance Group USA LLC, and their respective officers, directors, employees, agents, and representatives.

"Defendant" means the named defendant in this matter, Molly Mastrianni.

"Document" means the term as defined in Federal Rule of Civil Procedure 34(a) and includes all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations stored in any medium from which information can be obtained, translated, or converted into a reasonably usable form. This term includes, without limitation, all originals, copies, drafts, revisions, metadata, and any non-identical copies.

"Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal entity.

"Vertical" means Vertical Insure, Inc., and its officers, directors, employees, agents, and representatives.

"You" or "Your" means Defendant Molly Mastrianni.

## INSTRUCTIONS

1. In answering these requests for production, you should provide all documents available to her, including documents in the possession of all persons acting on your behalf.

2. Unless otherwise stated, all requests are for the period of April 17, 2026 through present.

3. The requests which follow are to be considered as continuing, and you are requested to provide, by way of supplementary responses, such additional documents as you or any persons acting on your behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to these requests.

4. If any document requested to be produced was, but is no longer in your possession or control, or is no longer in existence, please state whether it is: (a) missing or lost; (b) destroyed; (c) transferred whether voluntarily or involuntarily to others, and if so, to whom; or (d) disposed of or otherwise unavailable. In each instance, explain the circumstances of and authorization for such disposition and state the approximate date thereof.

5. To the extent that you consider any of the following Requests objectionable, respond to so much of each Request and part thereof, as is not objectionable in your view and separately state that part of each Request as to which you raise objections and each ground for such objection.

6. For each and every request to produce which requests information for which production is refused pursuant to claim of privilege, state:

a. the number of the request to produce;
b. the privilege claimed;
c. the form of the document (e.g., letter/memorandum);
d. the date of the document;
e. the subject matter of the document;
f. the author of the document;
g. the addressee of the document;
h. all persons to whom copies of the document were furnished;
i. addresses and telephone numbers of all such persons;
j. the number of pages of the document; and
k. whether the document contained any non-privileged material, and, if so, a description thereof.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All Documents relating to your access to Dewar's Constant Contact database after April 17, 2026, including any data, lists, contacts, or information accessed, viewed, copied, downloaded, exported, screenshotted, photographed, recorded, or transmitted.

**REQUEST NO. 2:** All Documents relating to any access by you to any Dewar system, database, account, or platform after April 17, 2026, including any data, lists, contacts, or information you accessed, viewed, copied, downloaded, exported, screenshotted, photographed, recorded, or transmitted.

**REQUEST NO. 3:** All Communications between you and any employee, agent, or representative of Vertical relating to Dewar, Dewar's customers, Dewar's prospective customers, Dewar's pricing, Dewar's business strategies, or Dewar's Confidential Information.

**REQUEST NO. 4**: All Communications between you and any person or entity other than any employee, agent, or representative of Vertical or Dewar relating to Dewar's customers, Dewar's prospective customers, Dewar's pricing, Dewar's business strategies, or Dewar's Confidential Information.

**REQUEST NO. 5:** All Communications between you and any Dewar customer or prospective customer since April 17, 2026, including any solicitation, outreach, marketing, or business development Communications.

**REQUEST NO. 6:** All Documents reflecting, referring to, or relating to any of Dewar's customer's or prospective customer's information in your possession, custody, or control, in any form (electronic, paper, or otherwise).

**REQUEST NO. 7:** All agreements between you and Vertical, including but not limited to any offer letter, employment agreement, independent contractor agreement, consulting agreement, compensation arrangement, equity arrangement, commission structure, or bonus arrangement.

**REQUEST NO. 8:** All Documents identifying every electronic device (including but not limited to laptops, desktop computers, tablets, smartphones, external hard drives, USB drives, and cloud storage accounts) used by you to (a) access Dewar's Constant Contact database or any other Dewar system, (b) communicate with Vertical, at any time from April 17, 2026 to the present, or (c) store any Documents reflecting, referring to, or relating to any Dewar Confidential Information, including but not limited to any of Dewar's customer's or prospective customer's information.

**REQUEST NO. 9:** All Documents reflecting your job duties, responsibilities, territory, assigned accounts, targets, or sales goals at Vertical, including any job description, organizational chart, or business plan.

**REQUEST NO. 10:** All Documents relating to any efforts by you or Vertical to solicit, contact, market to, or develop business relationships with any educational institution that is or was a Dewar customer or prospective customer.

**REQUEST NO. 11:** All Documents relating to any efforts by you to delete, destroy, conceal, or dispose of any Documents, data, or information relating to Dewar, Dewar's customers, or Dewar's Confidential Information.

Date: September __, 2026

Respectfully Submitted,

A.W.G. Dewar, Inc. and Intact Insurance Group USA LLC

By their attorneys,

*/s/Garrett A.D. Gee*
Erik J. Winton, BBO #600743
Garrett A.D. Gee, BBO #708219
JACKSON LEWIS P.C.
75 Park Plaza, 4TH Floor
Boston, MA 02116
(617) 367-0025
Erik.Winton@jacksonlewis.com
Garrett.Gee@jacksonlewis.com

(*Motion for Pro Hac Vice forthcoming*)
John M. Remy (VA Bar #65863)
Jackson Lewis P.C.
11790 Sunrise Valley Drive, Suite 400
Reston, VA 20191
(703) 483-8300
John.Remy@jacksonlewis.com