# EXHIBIT 5

**exUNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| A.W.G. DEWAR, INC., and INTACT INSURANCE GROUP USA LLC<br><br>*Plaintiff*,<br><br>v.<br><br>MOLLY MASTRIANNI,<br><br>*Defendant.* | Case No. 1:26 |

**SCHEDULE OF DOCUMENT REQUESTS TO ACCOMPANY**
**SUBPOENA DUCES TECUM TO VERTICAL INSURE, INC.**

The following Document requests accompany the Subpoena Duces Tecum issued pursuant to Federal Rule of Civil Procedure 45 and the included Court Order. Plaintiffs A.W.G. Dewar, Inc. and Intact Insurance Group USA LLC (collectively, "Dewar") seek production of the following Documents and records related to the above-captioned matter.

**DEFINITIONS**

"Communication" means any exchange of information, whether oral, written, or electronic, including but not limited to emails, text messages, instant messages, voicemails, letters, memoranda, notes, and any other form of correspondence or transmission of information.

"Confidential Information" means Dewar's trade secret, confidential, and proprietary information, including but not limited to the identities of Dewar's current and prospective customers, contact names, titles, email addresses, mailing addresses, renewal schedules, pricing information, business strategies, marketing campaigns, and related information maintained in Dewar's Constant Contact database and elsewhere.

"Constant Contact" means the password-protected email marketing platform and database used by Dewar to store contact and marketing information for its current and prospective customers.

"Defendant" means the defendant in the above-captioned matter, Molly Mastrianni.

"Dewar" means the plaintiffs in the above-captioned matter, A.W.G. Dewar, Inc. and Intact Insurance Group USA LLC, collectively.

"Document" means the term as defined in Federal Rule of Civil Procedure 34(a) and includes all writings, drawings, graphs, charts, photographs, sound recordings, images,

electronically stored information, and other data or data compilations, in any medium from which information can be obtained, translated, or converted into a reasonably usable form.

"Person" means any natural person, corporation, partnership, association, joint venture, trust, governmental entity, or any other legal entity.

"Relevant Period" means April 17, 2026 to the present, unless a specific time period is stated in a particular request.

"You" or "Your" means Vertical Insure, Inc., including its officers, directors, employees, agents, representatives, affiliates, subsidiaries, predecessors, and successors.

**INSTRUCTIONS**

1. These Document Requests are served pursuant to Federal Rule of Civil Procedure 45 and the Court's Order granting Dewar's Emergency Motion for Expedited Discovery. Vertical is required to produce all responsive Documents within the time specified in the subpoena.

2. Documents should be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the requests, consistent with Federal Rule of Civil Procedure 45(d)(1).

3. If any Document is withheld on the basis of privilege, provide a privilege log identifying: the nature of the Document, date, author, recipients, subject matter, and the specific privilege asserted.

4. You should interpret the phrase "relating to" to mean concerning, referring to, reflecting, evidencing, constituting, describing, mentioning, connected with, or pertaining to the subject matter.

5. Production of electronically stored information should be in the form in which it is ordinarily maintained or in a reasonably usable form, consistent with Federal Rule of Civil Procedure 45(e)(1)(B).

6. These requests are continuing in nature. If after producing Documents you become aware of additional responsive Documents, you are required to supplement your production.

**DOCUMENT REQUESTS**

**REQUEST NO. 1:** All Communications between you or any of your officers, directors, employees, agents, or representatives and Defendant, from January 1, 2026 to the present, relating to Dewar, Dewar's customers, Dewar's prospective customers, Dewar's pricing, Dewar's business strategies, or Dewar's Confidential Information.

**REQUEST NO. 2:** All Communications between you or any of your officers, directors, employees, agents, or representatives and Defendant, from January 1, 2026 to the present, relating to Defendant's potential employment with Vertical, including any negotiations, discussions, or correspondence regarding Defendant's hiring, compensation, or role at Vertical.

**REQUEST NO. 3:** All Documents reflecting, referring to, or relating to any Dewar customer or prospective customer information received, possessed, accessed, or used by Vertical or by Defendant in her capacity at Vertical, including but not limited to customer identities, contact information, renewal schedules, pricing information, and marketing strategies.

**REQUEST NO. 4:** All Documents relating to Defendant's onboarding at Vertical, including any training materials, orientation documents, compliance certifications, acknowledgments regarding the handling of third-party confidential information, and any representations made by Defendant regarding information or materials she brought from prior employment.

**REQUEST NO. 5:** All Documents reflecting Defendant's role, title, job description, responsibilities, territory, assigned accounts, targets, sales goals, and organizational reporting structure at Vertical, including any business plans, territory assignments, or account lists developed by Defendant.

**REQUEST NO. 6:** All records identifying every electronic device (including but not limited to laptops, desktop computers, tablets, smartphones, external hard drives, USB drives, and cloud storage accounts) issued to, provided to, or used by Defendant in connection with her employment at Vertical, including device identifiers, serial numbers, and any access logs reflecting Defendant's use of such devices to access Dewar's systems, Dewar's Constant Contact database, or any Dewar data or Confidential Information.

**REQUEST NO. 7:** All Documents reflecting any efforts by Vertical or Defendant, acting in her capacity at Vertical, to solicit, contact, market to, or develop business relationships with any educational institution that is or was a Dewar customer or prospective customer, from April 17, 2026 to the present, including any proposals, presentations, marketing materials, correspondence, or Communications directed to such institutions.

**REQUEST NO. 8:** All Documents reflecting any internal Vertical Communications, memoranda, reports, analyses, or strategies that reference, discuss, or relate to Dewar, Dewar's customers, Dewar's business practices, Dewar's pricing, Dewar's market position, or Dewar's Confidential Information from April 17, 2026 to the present.

**REQUEST NO. 10:** All Documents relating to any efforts by Vertical or Defendant to delete, destroy, conceal, sequester, or dispose of any Documents, data, or information relating to Dewar, Dewar's customers, or Dewar's Confidential Information, or any litigation hold or preservation instructions issued by Vertical in connection with this matter.

Date: September __, 2026

Respectfully Submitted,

A.W.G. Dewar, Inc. and Intact Insurance Group USA LLC

By their attorneys,

*/s/Garrett A.D. Gee*
Erik J. Winton, BBO #600743
Garrett A.D. Gee, BBO #708219
JACKSON LEWIS P.C.
75 Park Plaza, 4TH Floor
Boston, MA 02116
(617) 367-0025
Erik.Winton@jacksonlewis.com
Garrett.Gee@jacksonlewis.com

(*Motion for Pro Hac Vice forthcoming*)
John M. Remy (VA Bar #65863)
Jackson Lewis P.C.
11790 Sunrise Valley Drive, Suite 400
Reston, VA 20191
(703) 483-8300
John.Remy@jacksonlewis.com